————o————

No. 3361.

(Court of Appeal, Parish of Orleans,)

## VICTOR CLAVERIE vs. LOUISA LAMOTTE.

1. The ownership of the property in controversy has been recognized by the Supreme Court as vested in the defendant by donations *inter vivos* from her father, years before his death, subject to no other claim than reduction in favor of defendant's minor sister to the extent of her legitime.
2. Creditors of the father can neither require nor avail themselves of the reduction : "ne pourront demander" the reduction "ni en profiter."
3. The property has never been succession property, and defendant's retention of it as owner, after providing for the legitime aforesaid, does not constitute an unconditional acceptance of her father's succession or make her responsible for her father's debts.

Appeal from Civil District Court, Division A.

John G. Robin & Omer Villere, for Plaintiff and Appellant.

A. Voorhies, for Defendant and Appellee.

DUFOUR, J. The plaintiff, a judgment creditor of the succession of defendant's father, sues her for her virile share of the balance due on said judgment, on the ground that she has *accepted*

187

the succession.  It is not alleged whether the  acceptance was unconditional or with benefit of inventory.

The defendant answers that she accepted with benefit of inventory, that the succession is still under administration, and that the real estate in her possession was never in law succession property subject to the debts of the deceased, but that the ownership had been vested in her for years.

The record verifies her contentions; she accepted with benefit of inventory, the succession is still under administration, and her ownership of the property by *donation inter vivos* was recognized by the Supreme Court in 48 An., 572, 52 An. 864 and 110 La. 42.

This judicial recognition was based on the fact that A. M. Lamotte, defendant's father and tutor, by way of settlement of her claim against him amounting to $6000, transferred to her in the form of sales certain real estate worth $13,000.  After these transfers had been made, Lamotte contracted a second marriage with Octavie St. Avide, and a child, still a minor, was born of this marriage.  He then sold some of the property to his illegitimate daughter and to one Martin, and sued to set aside the conveyances made to his daughter, the defendant.

The Supreme Court (48 An. 572) refused to deal with the last conveyances by Lamotte as not being before the Court but maintained the conveyance to the defendant as donations *inter vivos*.

Louisa Lamotte then sued for the possession of the property attempted to be transferred by her father, and the Court (52 An. 868) declared that she was the owner of the property by *donation inter vivos*, rejected as null and void the father's subsequent transfers, and referred the question of collation between the forced heirs to proper proceedings in the succession of Lamotte, who had died after instituting his suit.  Octavie St. Avide, as tutrix of her minor child, then brought suit to annul the sales to defendant or, in the alternative to compel defendant to collate an amount sufficient to pay the minor's legitime.

The judgment of the Lower Court recognized defendant as owner of the property and as such entitled to retain it upon payment to the minor of her legitime estimated at $3500, or else to collate such property in the succession of her father:  It also recognized defendant and her minor sister as sole forced heirs of their father entitled to share equally the residue of the property after deduction of $6000.

Owing to the peculiar phraseology of the judgment, we were, at the argument, under the impression that the recognition of defendant's heirship and her suggested acquiescence in it amounted to an unconditional acceptance and made the judgment after affirmance by the Supreme Court, the law between the parties, withdraw-

188

ing the case from the scope of the general law.

A careful examination of the record has however led us to the opposite conclusion, and the apparent ambiguity or conflict in the judgment warrants and indeed compels an examination of the opinions.

The Supreme Court in affirming the judgment (110 La. 42) held "that the ownership of the property was vested in the older child, but that if by reason of their form and the circumstances under which the acts of sale were executed, the property should not be subjected to collation, it was held *subject to reduction* and to payment in money of the legitime of the younger sister; the older child being entitled in fixing the amount of the legitime to have $6000 deducted as a debt of her father."

According, therefore to all the foregoing decisions, the property belongs absolutely to defendant subject to collation or deduction to the amount of the younger child's legitime; upon payment of that, according to her election under the judgment she has the right to retain the property as owner and such a retention is not an unconditional acceptance as claimed at bar.

Whether this matter be viewed as a collation or a reduction, the law is clear that plaintiff cannot hold the defendant liable in this proceeding for her father's debt, and that the property has never been and is not succession property. R. C. C. 1453.

Collation cannot be demanded by the creditors of the succession to which the collation is due (R. C. C. 1325), and creditors of the deceased can neither require a reduction nor avail themselves of it, (R. C. C. 1505). The code Napoleon says "pourront demander cette reduction ni en profiter."

As is aptly said by the District Judge:

"The property was not the property of defendant's father when plaintiff's claim was contracted and formed no part of the common pledge of plaintiff, or of said father's creditors. It was defendant's property, burdened with no right or claim in favor of plaintiff or any other person, except defendant's co-heir."

Judgment affirmed.